1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

JOHN A. JOSEPHSON, et al.,

        Plaintiffs,

v.

EMC MORTGAGE CORPORATION, et al.,

        Defendants.

2:10-CV-336 JCM (PAL)

14

**ORDER**

15       Presently before the court is defendants EMC Mortgage Corporation (hereinafter "EMC")

16 and Mortgage Electronic Registration Systems, Inc.'s (hereinafter "MERS") motion for judgment

17 on the pleadings and to expunge lis pendens. (Doc. #18). Plaintiffs John A. Josephson and Rita S.

18 Josephson have failed to file an opposition or any responsive pleading.

19       Also before the court is defendants MERS and EMC's motion for stay of litigation and

20 discovery proceedings pending dispositive motion for judgment on the pleadings. (Doc. #20).

21 Plaintiffs have not filed an opposition.

22       Plaintiffs filed their complaint against defendants EMC, MERS, National Default Servicing

23 Corporation, and First Horizon Home Loan Corporation claiming (1) misrepresentation and fraud

24 by omission; (2) quite title; (3) contractual breach of the covenant of good faith and fair dealing; (4)

25 tortious breach of the covenant of good faith and fair dealing; (5) civil conspiracy; (6) RICO

26 violations and racketeering; (7) unjust enrichment; (8) conspiracy to commit fraud related to the

27 MERS system; (9) fraud by obtaining signature by false pretenses; (10) injunctive relief; and (11)

28

**James C. Mahan**
**U.S. District Judge**

declaratory relief. Subsequently, on September 15, 2010, the court dismissed defendant National Default Servicing Corporation, due to plaintiffs' failure to properly serve the defendant pursuant to rule 4m. (Doc. # 17).

**Motion for Judgment on the Pleadings**

The standard of review for a motion for judgment on the pleadings is viewed in the same light as that of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Dworkin v. Hustler Magazine, Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989). A party may move for judgment on the pleadings under Fed. R. Civ. P. 12(c) "[a]fter the pleadings are closed-but early enough not to delay trial." To survive this motion, the complaint must demonstrate how plaintiffs are entitled to relief, and must do so by providing the court with "more than labels and conclusions, and a formulaic recitation" of elements. *Bell Atl. Corp. V. Twombly,* 550 U.S. 544, 555 (2007).

Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." However, failure to file an opposition to a motion to dismiss (or likewise a motion for judgment on the pleadings) is not cause for automatic dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, those factors weigh in favor of dismissal. The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion. Additionally, the present motion for judgment on the pleadings has merit.

**A. Plaintiffs' First and Ninth Claims - Fraud.**

In their complaint, plaintiffs assert causes of action for misrepresentation and fraud by omission, and fraud by obtaining signature by false pretenses. In asserting these claims, they allege, among other things, violations of NRS 205.372 and 205.390. However, as the statutes are criminal

James C. Mahan
U.S. District Judge

- 2 -

1   statutes, the plaintiffs do not have a private right of action for violations of them. *Linda R.S. v.*

2   *Richard D.,* 410 U.S. 614, 619 (1972) ("a private citizen lacks judicially cognizable interest in the

3   prosecution...of another.").

4   Further, since neither EMC nor MERS were involved in the loan origination process, it

5   cannot be alleged that they misrepresented or defrauded the plaintiffs in any way during that process.

6   Additionally, plaintiffs' first and ninth claims for fraud cannot survive because they fail to meet the

7   specificity requirements under Fed. R. Civ. P. 9(b). Rule 9(b) requires that a plaintiff specify the

8   time, place, and content of the alleged misrepresentation, and the names of the parties involved. Fed.

9   R. Civ. P. 9(b). Plaintiffs have failed to do so.

10   **B. Plaintiffs' Second Claim - Quiet Title.**

11   In order to establish a right to quiet title, the plaintiffs have the burden of demonstrating good

12   and clear title to the property. *Breliant v. Preferred Equities Corp.,* 112 Nev. 663, 669, 918 P.2d 314,

13   318 (1996). Plaintiffs have admitted in their complaint that they have "repudiated the mortgage

14   obligation by this lawsuit and by refusal to honor the obligations through continued payments...[and

15   that they] stand in technical default of the obligation." Thus, they have an encumbered interest in the

16   property. Consequently, by failing to fulfill their monetary obligations, they cannot claim to hold

17   good and clear title to the property. Further, by defaulting, and not curing the default, the plaintiffs

18   have failed to do equity, and are precluded from seeking equitable relief such as quite title. *In re*

19   *Gardenhire,* 209 F.3d 1145, 1151 (9th Cir. 2000); *In re Bernard,* 96 F.3d 1279, 1283 (9th Cir. 1996).

20   **C. Plaintiffs' Third and Fourth Claims - Good Faith and Fair Dealing.**

21   The complaint alleges contractual breach of the covenant of good faith and fair dealing, as

22   well as tortious breach of the covenant of good faith and fair dealing. Plaintiffs have failed to provide

23   the court with adequate facts to show that defendants did anything to deliberately contravene the

24   intent and spirit of the loan, or meet any of the elements required to assert a claim for contractual or

25   tortious breach of good faith and fair dealing. *Morris v. Bank of Am. Nevada,* 110 Nev. 1274, 886

26   P.2d 454 (1994).

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

**D. Plaintiffs' Fifth and Eighth Claims- Conspiracy.**

The plaintiffs assert claims of civil conspiracy and conspiracy to commit fraud related to the MERS system. To allege a conspiracy to defraud, a complaint must meet the particularly requirements of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001). Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The plaintiffs have failed to satisfy the requirements of Fed. R. Civ. P. 9(b) and the requirements enumerated by the Ninth Circuit. *Id.* The complaint does not demonstrate to the court how and when any of the defendants engaged in a concerted and unlawful action with the primary purpose of harming the plaintiffs. Thus, these claims cannot survive.

**E. Plaintiffs Sixth Claim - Racketeering.**

In the sixth cause of action, the plaintiffs allege that the defendants engaged in racketeering and violated the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"). A claim for civil racketeering must be pled with specificity. *Hale v. Burkhardt,* 104 Nev. 632, 764 P.2d 866 (1988). However, the complaint is devoid of any specific allegation of how the defendants were involved in lending practices that were predatory or abusive. Plaintiffs do not allege a "crime," nor reference any criminal convictions to support their racketeering claims.

Further, the RICO claim cannot survive because the plaintiffs have failed to establish the element of damages. *Allum v. Valley Bank of Nevada,* 109 Nev. 280, 283, 849 P.2d 297, 299 (1993).

**F. Plaintiffs' Seventh Claim - Unjust Enrichment.**

Plaintiffs claim unjust enrichment asserting that the defendants failed to properly calculate the interest and credit payments made by the plaintiffs, and were unjustly enriched therefrom. A claim for unjust enrichment is not available when, as here, there is an expressed or written contract, because "no agreement can be implied when there is an express[ed] agreement." *Leasepartners Corp. v. Robert L. Brooks Trust,* 113 Nev. 747, 942 P.2d 182 (1997). Since there is no dispute with regards to the existence of an expressed agreement, the loan, the plaintiffs are unable to claim unjust

James C. Mahan
U.S. District Judge

- 4 -

1   enrichment.

2   **G. Plaintiffs' Tenth and Eleventh Claims - Injunctive and Declaratory Relief.**

3   In the plaintiffs' complaint they ask the court to grant injunctive relief to enjoin foreclosure

4   and eviction proceedings, and to remove any negative credit reporting by defendants. However, it

5   is well established that injunctive relief is a remedy, and not an independent cause of action. *In re*

6   *Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F. Supp. 2d. 1091, 1130 (D. Nev. 2007).

7   Further, plaintiffs have failed to support their claim by establishing that they are likely to succeed

8   on the merits, which is an essential element for injunctive relief. *Winter v. Natural Resources*

9   *Defense Council, Inc.,* 129 S.Ct. 365, 374 (2008); *Am. Trucking Assoc., Inc. v. City of Los Angeles,*

10  559 F.3d 1046, 1052 (9th Cir. 2009).

11  The plaintiffs also seek declaratory relief in their complaint. Declaratory relief is a form of

12  relief which is not intended to "furnish [the plaintiffs] with a second cause of action for the

13  determination of identical issues." *Gen. Of Am. Ins. Co. v. Lilly,* 258 Cal. App. 2d 465, 470 (1968).

14  Therefore, the plaintiffs' claim for declaratory relief cannot be sustained.

15  **Motion to Expunge Lis Pendens**

16  Plaintiffs recorded a lis pendens on December 22, 2009. Pursuant to NRS 14.015(2) and (3),

17  a party who records a lis pendens must establish that, (1) the action was not brought in bad faith, (2)

18  he is able to perform any condition precedent to the relief sought in the action as it affects the title

19  or possession of the property, (3) he is likely to prevail in the action or has a fair chance of

20  prevailing, and (4) he would suffer greater hardship than the defendant if the lis pendens were

21  expunged and title was transferred.

22  As shown above, the plaintiffs' complaint fails to adequately state their claims against EMC

23  or MERS, or provide facts to support the allegations therein. These findings weigh against the

24  plaintiffs' likelihood of prevailing. Further, plaintiffs have not given the court any indication that

25  they have the ability to cure the default on the loan, which would be a condition precedent to any

26  relief sought. Without the ability to satisfy the requirements to record a lis pendens, it should be

27  expunged.

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

**Motion to Stay**

Defendants EMC and MERS filed a motion to stay the litigation and discovery proceedings of the present case (doc. # 20) pending the outcome of the motion for judgment on the pleadings (doc. #18). In light of the court's findings with regards to the motion for judgment on the pleadings, the motion to stay is moot.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.'s motion for judgment on the pleadings and to expunge lis pendens (doc. #18) be, and the same hereby is, GRANTED.

IT IS THEREFORE ORDERED that judgment be entered in favor of defendants EMC Mortgage Corporation and Mortgage Electronic Registration Systems, Inc.

IT IS FURTHER ORDERED that the plaintiffs' lis pendens be expunged.

IT IS FURTHER ORDERED that defendants EMC Mortgage Corporation and Mortgage Electronic Registration System's motion for stay of litigation and discovery proceedings pending dispositive motion for judgment on the pleadings (doc. #20) be, and the same hereby is, DENIED as moot.

DATED November 19, 2010.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -